MARTÍNEZ, PETITIONER, *v.* CROSAS, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Aguadilla in a Proceeding for Appointment of an Administrator.

No. 191.—Decided July 28, 1917.

ADMINISTRATION—CERTIORARI—APPEAL—NOTICE.—Orders reducing the amount of the bond of the administrator and giving him possession of the estate, made after an appeal had been taken in a proceeding for administration, will not be set aside in certiorari proceedings on the ground that the said orders were entered without notice to the adverse party when it appears from the original record that he had notice of the same in making a motion to set aside the said orders on other grounds and does not show real injury which cannot be redressed by the appeal.

ID.—ID.—APPEAL—STAY OF EXECUTION.—If an order granting administration of the estate of a decedent and appointing an administrator is appealable, it is only in one single aspect; that is, its execution is not stayed, accord-

ing to section 85 of the Special Legal Proceedings Act of March 9, 1905, and the provisions of Title IX, Book First, of the former Law of Civil Procedure.

ID.—ID.—ID.—SUPPORT.—Whether an order allowing an amount for support in an administrative proceeding is appealable or not, its execution will not be stayed.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

A writ of certiorari having been issued in this case on June 5, 1917, at the petition of Víctor Primo Martínez y González, the District Court of Aguadilla sent up the original record in the proceeding (Case No. 2355) brought by Pedro Angel and Laura María Martínez y Méndez, represented by Cecilia Méndez, their mother, for the appointment of an administrator of the estate of Víctor Martínez y Martínez. It appears from the record that by an order of May 7, 1917, the administration was granted and Juan Martín Oronoz was appointed as such administrator under a fidelity bond of $5,000; that by another order of the same date the petitioners were allowed the sum of $100 monthly for their support; that Martínez y González intervened in opposition to the proceeding and appealed to this court from both of said orders, and that later, or on the 23rd and 26th of May, the court entered two orders, the first reducing the bond of the administrator to $2,000 and the second directing that the corresponding letters of administration issue in witness of his right and in order that he might be given possession of the estate.

The petitioner alleges that according to section 297 of the Code of Civil Procedure the proceeding should have been suspended by reason of his appeal and that the orders of May 23rd and 26th were made without previous notice to him, in violation of section 135 of the said code. But it appears from the original record that on June 5, the same date on which this court issued the writ of certiorari, the

petitioner made a motion in the lower court to set aside the said orders, in which motion he did not complain of the lack of notice but of the substantial matter of the said orders, from which it may be deduced that he had some notice of the proceedings. The ruling of the court on the said motion does not appear. The petitioner maintains also that the appeal stayed the execution of the order granting the administration and appointing the administrator.

Appeals in ordinary actions are governed generally by the Code of Civil Procedure, but there are many other appeals, such as in unlawful detainer, special proceedings, etc., which are governed by special statutes.

When the Code of Civil Procedure was adopted in 1904 no mention was made of the question of voluntary jurisdiction, nor of the various proceedings in contentious jurisdiction, among which figured those included in Titles IX and X of Book II of the former Law of Civil Procedure in intestate and testamentary proceedings. We understand that these matters were governed as formerly until the Special Legal Proceedings Act of March 9, 1905, supplied to a certain extent the deficiency in the new Code of Civil Procedure. The Special Legal Proceedings Act makes no provision regarding appeals from orders concerning the administration of property in testamentary or intestate proceedings like that of May 7, 1917, granting administration of the estate of Víctor Martínez y Martínez and appointing Juan Martín Oronoz as administrator. Without considering whether the said order is appealable or not, we are of the opinion that if appealable it would be only in one single aspect (its execution would not be stayed).

We base our opinion upon the final provision (section 85) of the Special Legal Proceedings Act of March 9, 1905, and the provisions of Title IX, Book I, of the former Law of Civil Procedure which treats of appeals from judicial orders and their effects, having considered the said provisions in relation to the nature of the order of May 7 granting admin-

istration of the estate of the deceased with the object of safeguarding the interests of the minors. As to the other order of May 7, 1917, allowing an amount for support, whether appealable or not, its execution will not be stayed.

.. The petitioner has not shown that the reduction of the amount of the bond of the administrator and the taking possession of the property will cause any real injury which may not be redressed by the ordinary appeals taken by him; therefore the petition in certiorari should be denied, the motion that Cecilia Méndez, Juan Martín Oronoz and Eleodoro Salas be ruled to show cause why they should not be punished for contempt should be overruled and the writ of certiorari should be discharged.

*Appeal dismissed and writ discharged.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.